## SUPREME COURT.

### James Brown and others agt. The New York and Erie Railroad.

Where the *order* appointing a receiver of the defendants' property, authorized him " to pay the amounts due and maturing for materials and supplies about the operation and for the use of said road." *Held,* that it could not properly be construed to include the payment of a renewed *promissory note,* originally made by the company in payment of a claim for re-rolling iron for the use of the road in 1856 or '57.

PETITION for payment by the receiver of the defendants, of plaintiff's claim.

INGRAHAM, Justice.   The petitioners hold a note of the Erie Railroad Company, given in renewal of previous notes which were originally made by the company in payment of a claim for re-rolling iron for the use of the road, in 1856 or '7.   They now move for an order directing the receiver to pay this amount.   The order appointing the receiver, authorizes him "to pay the amounts due and maturing for materials and supplies about the operation and for the use of said road."

Although the authority here conferred might be so construed as to include this claim, I cannot conclude that such was the intent of the court when the order was made. The extent to which that should be construed, is to confine such payments to persons who had furnished materials within a short time previous for repairing or operating the road.   It was not intended, and ought not to be construed as extending to any claims for materials furnished at any time previous, either for construction or any other purpose, especially after such claims had matured, have changed into promissory notes, and which notes have been sold in the market, and from time to time renewed.

Under such a construction of the order, the whole proceeding for the foreclosure of the mortgages would become inoperative and useless.   It would not only cover claims upon notes, but might also be extended to cases where iron or other materials had been purchased with bonds for the original construction of the road, which could with as much propriety be presented to the receiver for payment, as the note under consideration.

The provision is loosely drawn, and the wisdom or legality of it to any extent beyond that of paying for supplies of materials, or labor received, by the receiver at his appointment, is not at all clear.

If the court may set aside the rights of mortgage bond-holders, to pay old debts of an inferior class, in one instance, it may be done to any extent; and instead of securing the holders of the bonds of the company by the mortgage given for that professed object, their rights are by such orders made to yield to, and their claims made secondary to others not secured, and without any other limit than the discretion of the court. I do not understand such to be the effect of a mortgage. On the contrary, when the mortgage is forfeited by nonpayment, the parties holding it are entitled first to be paid, and the right to authorize any other payments to be made, even for subsequent supplies, can only be justified by the necessity of keeping the road in operation for the benefit of the creditors themselves, who seek to obtain payment of their debts.

I do not think the order warrants the payment asked for, and even if it did, it seems to me to be so much at variance with the rights of the plaintiffs, and those who are represented by them, that I should be unwilling to make an order directing the payment.

Motion denied, without costs.